IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MISTY CALDWELL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15cv186-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Misty Caldwell commenced this action on March 24, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for supplemental security income (SSI). (Doc. 1). Plaintiff alleged a period of disability beginning on January 1, 2011, but did not specify the cause of her disability in her SSI application. (Doc. 14-5 at 2-8). The Administrative Law Judge ("ALJ") determined, *inter alia*, that the plaintiff was diagnosed with and treated for carpal tunnel syndrome as well as various conditions that could reasonably be expected to cause pain in the back and joints.[1]  (Doc. 14-2 at 26, 32).  On August 23, 2013, the ALJ issued

---

[1] The ALJ found that plaintiff has the following severe impairments:

> obesity; mood disorder, not otherwise specified; moderate age appropriate arthritis; mitral valve prolapse with mild mitral regurgitation; myocardial bridge; non-obstructive coronary artery disease; non-obstructive renal disease; mild worsening disc degeneration, with mild bulging and mild bilateral foraminal stenosis of the lumbar spine without focal disc protrusion or herniation; stable degenerative cervical disease, with mild bilateral foraminal stenosis, without disc protrusion or herniation' and restless leg syndrome[.]

(Doc. 14-2 at 26).  In addition to plaintiff's severe impairments, the ALJ also considered several diagnoses for multiple conditions that the plaintiff received prior to the hearing.  (Id.).

1

an adverse decision.[2] (Doc. 14-2 at 24-38). The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (Id. at 2-7). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 9, 10). For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed. Plaintiff also moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and an extension of time to file an application for attorney's fees under 42 U.S.C. § 406(b). (Doc. 12 at 11). Because the Commissioner's decision is affirmed, these motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not

---

[2] Plaintiff was represented by counsel at the hearing before the ALJ. (Doc. 14-2 at 24).

decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

The sole question for the court is whether the Commissioner's decision should be reversed "because the ALJ erred in failing to accord adequate weight to the medical opinions expressed by [the plaintiff's] treating specialist[,]" Dr. Wail Hamo, M.D. (Doc.

4

12 at 4). The plaintiff does not take issue with the weight the ALJ assigned to the other medical sources of record, including plaintiff's other treating physicians. Thus, the court addresses only the plaintiff's argument regarding the ALJ's decision to give Dr. Hamo's testimony "little" or "no" weight. (Doc. 14-2 at 36).

The court finds that the ALJ applied correct legal standards. The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) and Wiggins v. Schweiker, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. Id. (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhard, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,
- the evidence supported a contrary finding; or
- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

Id. at 1241 (citation omitted).

The ALJ must clearly articulate his or her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. Lewis, 125 F.3d at 1440 (citation omitted); see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's

opinion."). However, when the ALJ adequately states specific reasons for doing so, and those reasons are supported by substantial evidence, there is no error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).

The ALJ's written decision meets both criteria. With respect to Dr. Hamo's evidence and testimony, the ALJ indicated that

> Some weight is accorded to the above stated opinions of the [plaintiff's] treating physician Dr. Hamo, as he opined that the [plaintiff] was capable of lifting and carrying 20 pounds occasionally, however, the undersigned finds that Dr. Hamo's limitations on the [plaintiff's] ability to stand and walk are inconsistent with the [plaintiff's] extensive activities of daily living and the treatment records. Additionally, Dr. Hamo's opinion that the [plaintiff] would miss more than four days of work a month due to her impairments is not supported by the record and is given no weight.

(Doc. 14-2 at 36). The ALJ discussed Dr. Hamo's testimony, as well as his notes and the results of laboratory tests. (Doc. 14-2 at 33-34). The ALJ observed that Dr. Hamo's notes and lab results reveal that plaintiff was getting "good relief" from medication for joint pain, with "no significant side effects." (Id. at 33). Plaintiff's blood work was unremarkable. (Id.). On October 30, 2012, Dr. Hamo noted that plaintiff had "tenderness over the cervical spine, lumbosacral spine, right wrist, and left wrist area, with negative left straight leg raises and positive right straight leg raises." (Id.). An MRI of plaintiff's spine "revealed mild worsening of L5-S1 disc degeneration with mild bulging and mild bilateral foraminal." (Id.). Dr. Hamo also noted that plaintiff "reported a flare up of lower back pain and arthritic symptoms, but that the [plaintiff] exhibited no features of depression or anxiety at that time." (Id.).

6

The ALJ observed that Dr. Hamo "completed a medical source statement dated May 24, 2013" in which he

> opined that the [plaintiff] could lift and carry up to 20 pounds occasionally, and 10 pounds occasionally; sit for one hour at a time, stand and walk for up to 15 minutes at a time; sit for a total of seven hours and stand and walk for a total of 30 minutes in an eight hour work day. Dr. Hano opined that the [plaintiff] could occasionally reach overhead and out, handle, finger, push and pull with the bilateral upper extremities; frequently feel with the bilateral upper extremities; and occasionally operate foot controls with bilateral lower extremities. Dr. Hamo opined that the [plaintiff] could never tolerate exposure to unprotected heights, extreme cold, extreme heat, or vibrations; and occasionally tolerate exposure to moving machinery, operate a motor vehicle, humidity and wetness, and dust, odors, fumes, and pulmonary irritants, and moderate exposure to noise. Dr. Hamo opined that the [plaintiff] would miss more than four days a week due to her impairments.

(Doc. 14-2 at 33-34; see also Doc. 14-10 at 2-10 (Dr. Hamo's medical source statement)).

The ALJ's decision contains a detailed discussion of plaintiff's medical records and the medical source testimony of record, including Dr. Hamo's testimony. (Doc. 14-2 at 34-35). Generally, the ALJ found that

> [t]reatment notes simply fail to indicate the level of dysfunction alleged by the [plaintiff]. A review of the medical evidence of record fails to indicate physical findings consistent with the [plaintiff's] allegations. The objective medical evidence fails to establish that any of the [plaintiff's] medical problems are more than moderately severe, with most of her problems being described as mild and stable. Additionally, treatment notes indicate that the [plaintiff's] medical problems have responded to treatment, and that the [plaintiff's] treatment has been sporadic for individual impairments.

(Id. at 35-36). When the ALJ made his disability determination, which includes his decision regarding the weight to assign to Dr. Hamo's testimony, the ALJ also considered the plaintiff's testimony about her daily activities and her perception of limitations caused by her impairments. (Id. at 31).

In short, the record reflects that the ALJ articulated reasons that are sufficient to constitute "good cause" for failing to give Dr. Hamo's testimony "substantial or considerable weight," which is in accordance with the ALJ's obligation under existing law. See Phillips, 357 F.3d at 1240.  Moreover, the court has carefully scrutinized the record, and it concludes that the ALJ's decision with regard to Dr. Hamo's testimony is based on substantial evidence.  (See, *e.g.*, Doc. 14-2 at 43-85; Doc. 14-8 at 57-72; Doc. 14-10 at 2-10).  While the plaintiff disagrees with the ALJ's factual findings and directs the court to evidence favoring plaintiff's argument that she is, in fact, disabled, this court cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision.  See Dyer, 395 F.3d at 1210.

## CONCLUSION

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law.  The Commissioner's decision will be AFFIRMED by a separate judgment.

In addition, it is

ORDERED that plaintiff's motion for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and motion for an extension of time to file an application for attorney's fees under 42 U.S.C. § 406(b) are DENIED. (Doc. 12 at 11).

DONE, on this the 30th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge